UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

CHRISTOPHER J. STAWSKI,

            Plaintiff,

and

DEAN SHERIDAN,                                               Case No. 06-CV-0918

            Consolidated Plaintiff,
    v.

SECURED FUNDING CORPORATION,

            Defendant.
_____

## ORDER

The plaintiffs in this consolidated action, Christopher J. Stawski and Dean Sheridan, filed their complaints pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. (FCRA), alleging that the defendant, Secured Funding Corporation, accessed the plaintiffs' consumer credit reports and those of other individuals, without their express consent or any other lawful reason. The plaintiffs received a mailing regarding home equity loans offered by the defendant. (Pls.' Complaints Exs. A.) The mailings are identical in all material respects. (*Id.*) The plaintiffs assert that the defendant's mailing violates 15 U.S.C. § 1681b by not offering a "firm offer of credit" within the meaning of the FCRA, which is essential when a potential creditor accesses someone's credit report without that person's consent. The defendant was found to be in default on May 16, 2007, based on its failure to comply with a court order dated April 18, 2007, which required it to obtain new counsel to

defend this lawsuit after its attorneys withdrew. By reason of its default, the defendant is deemed to have admitted the allegations of the plaintiffs' complaints. *See Davis v. Hutchins*, 321 F.3d 641, 648-49 (7th Cir. 2003).

On September 1, 2007, the plaintiffs filed a motion for class certification. The plaintiffs propose to represent a class made up of "All persons residing in Milwaukee County, Wisconsin, who had their consumer credit reports accessed by Defendant for the purpose of sending the solicitation letter attached to Plaintiffs' Complaints in this action." (Mot. for Class Cert. 1.) The defendant did not file a response in opposition to the motion. For the reasons stated below, the court concludes that the requirements of Rule 23(a) and (b) have been met and will grant the plaintiffs' motion for class certification.

The plaintiff has the burden of demonstrating that certification of the class is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The plaintiff must establish a class action will "advance 'the efficiency and economy of litigation which is a principal purpose of the procedure.'" *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 159 (1982) (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974)).

The court will conduct a two-step analysis to determine whether class certification is appropriate. First, the plaintiffs must satisfy all four requirements of Federal Rule of Civil Procedure 23(a), which are numerosity, commonality, typicality, and adequacy of representation. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697,

703 (7th Cir. 1993). Second, the plaintiffs must satisfy one of the conditions of Rule 23(b). *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977).

Numerosity pursuant to Rule 23(a)(1) requires the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[T]he court is entitled to make common sense assumptions in order to support a finding of numerosity." *Patrykus v. Gomilla*, 121 F.R.D. 357, 360 (N.D. Ill. 1988). The plaintiffs assert that although the defendant has refused to respond to discovery requests regarding the exact number of individuals who had their consumer credit reports accessed by the defendant for the purpose of sending the mailing, it is reasonable to assume that the numerosity requirement has been met. In a similar case in this district, *Bernal v. Keybank, N.A.*, 2007 WL 2050405, *1 (E.D. Wis. July 11, 2007), the district court found that numerosity existed based on common sense assumptions about mass-mailings. *Id.* Here, it is apparent that, as alleged by the plaintiffs and deemed admitted by the defendant through its default, the mailings the plaintiffs received were part of a mass-mailing campaign. Given the common sense assumptions about mass-mailings, the court concludes that at least 40 Milwaukee County residents had their credit reports accessed by the defendant for the purpose of sending the mailing, and, therefore, the proposed class is sufficiently large to satisfy the numerosity requirement of Rule 23(a)(1). *See, e.g., Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969) (certification of class with as few as 40 members would be sufficiently large).

-3-
Case 2:06-cv-00918-JPS   Filed 03/06/08   Page 3 of 8   Document 59

Commonality pursuant to Rule 23(a)(2) requires the presence of questions of law or fact common to the class. "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among class members' experiences will not defeat class certification. *Id.* at 1017. Plaintiffs need only show there is "at least one question of law or fact common to the class" to satisfy the commonality requirement. *In re VMS Sec. Litig.*, 136 F.R.D. 466, 473 (N.D. Ill. 1991).

Here, the legal issue raised in the plaintiffs' complaints, whether the defendant's mailing violated the FCRA by not qualifying as a "firm offer of credit" within the meaning of the FCRA, is common to the proposed class. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 956 (7th Cir. 2006). Accordingly, the plaintiffs share a commonality of facts and legal claims with the rest of the proposed class sufficient to satisfy the commonality requirement under Rule 23(a)(2).

Typicality pursuant to Rule 23(a)(3) requires the representative's claims be typical of those of the class. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Since "commonality and typicality are closely related, a finding of one often results in a finding of the other." *McKenzie v. City of Chicago*, 175 F.R.D. 280, 286 (N.D. Ill. 1997). Here, the plaintiffs' claim and the proposed class members' claim both arise out of the same

course of conduct, specifically, the defendant accessing their consumer credit reports and the receipt of the defendant's mailing. Additionally, the plaintiffs' claim and the proposed class members' claim are both based on the same legal theory, that the mailing does not qualify as a "firm offer of credit" within the meaning of the FCRA. Thus, the court is satisfied there is typicality between the plaintiffs and the other proposed class members within the meaning of Rule 23(a)(3).

Adequacy of representation pursuant to Rule 23(a)(4) requires the named plaintiffs to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation has three requirements. First, the chosen class representatives cannot have antagonistic or conflicting claims with other members of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Second, the named representatives must have "a sufficient interest in the outcome to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). Third, counsel for the named plaintiffs must be competent, experienced, qualified, and generally able to conduct the litigation vigorously. *Kriendler v. Chemical Waste Mgmt.*, Inc., 877 F. Supp. 1140, 1159 (N.D. Ill. 1995).

The record suggests that the plaintiffs are adequate class representatives who share a common objective and legal position with the proposed class members. It appears that the plaintiffs have no antagonistic or conflicting claims with other members of the proposed class. Additionally, nothing in the record suggests that the plaintiffs "lack a sufficient interest in the outcome to ensure vigorous advocacy." *Riordan*, 113 F.R.D. at 64. Finally, a review of the firm biography for plaintiffs'

-5-
Case 2:06-cv-00918-JPS   Filed 03/06/08   Page 5 of 8   Document 59

counsel (Dehler Aff. Ex. C) reveals that the firm is "competent, experienced, qualified, and generally able to conduct the litigation vigorously." *Kriendler*, 877 F. Supp. at 1159. Thus, the court believes each of the adequacy of representation requirements are satisfied within the meaning of Rule 23(a)(4).

The court will now determine whether the plaintiffs can satisfy one of the requirements of Rule 23(b). The plaintiffs seeks to certify the class under Rule 23(b)(3) which allows for certification when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

When determining whether the mailing constitutes a "firm offer of credit," the court need look no further than the terms and conditions in the mailing itself, whether the terms offered in the mailing have sufficient value to the recipients to justify the creditor accessing their consumer credit report, and whether the terms were honored when recipients accepted the offer. *See e.g., Murray*, 434 F.3d at 956. Given that the mailings were part of a mass-mailing campaign, it appears that the material terms and conditions of the offer in the mailing were the same or substantially similar for all the recipients. Thus, the court concludes that the questions of law or fact common to the members of the proposed class predominate over any questions affecting only individual proposed class members under Rule 23(b)(3). For the fair and efficient adjudication of the controversy, the court concludes that a class action

is superior to several individual lawsuits interpreting the same facts and legal issue. As the *Murray* court noted, "Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray*, 434 F.3d at 953. Accordingly, the court concludes that it is proper to certify the plaintiffs' proposed class under Rule 23(b)(3).

Finally, the court will grant the plaintiffs' unopposed motion to extend the discovery deadline approximately 60 days, from September 1, 2007, to October 31, 2007, for the purpose of obtaining the list of class members.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for an extension of time (Docket #58) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to Rule 23(b)(3), the plaintiffs' motion for class certification (Docket #57) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the following plaintiff class be and hereby is **CERTIFIED**:

> All persons residing in Milwaukee County, Wisconsin, who had their consumer credit reports accessed by Defendant for the purpose of sending the solicitation letter attached to Plaintiffs' Complaints in this action.

**IT IS FURTHER ORDERED** that plaintiffs Christopher J. Stawski and Dean Sheridan shall be the class representatives and plaintiffs' counsel, Shepherd,

Finkelman, Miller & Shah, LLC, and Ademi & O' Reilly, LLP, are appointed as co-counsel for the class under Rule 23(g);

**IT IS FURTHER ORDERED** that pursuant to Rule 23(c)(2)(B), the plaintiffs shall submit a proposed form of notice within 10 days, including the class members' rights to opt out of the class.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge